

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-28-2010

# Dennis Sullivan v. Richard Linebaugh

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1862

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

Recommended Citation

"Dennis Sullivan v. Richard Linebaugh" (2010). *2010 Decisions.* Paper 1997.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1997

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1862
_____

DENNIS S. SULLIVAN,
                                        Appellant
                        v.

JUDGE RICHARD LINEBAUGH; JUDGE JAMES MINER; LORI YOST;
MICHELLE L. SOMMER; NATHANAEL D. BEHRENDT; COREY L. MERWEDE

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 08-cv-00741)
District Judge:  Honorable John E. Jones, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 19, 2009

Before:  BARRY, AMBRO AND ROTH, Circuit Judges

(Opinion filed:  January 28, 2010)
_____

OPINION
_____

PER CURIAM

Dennis S. Sullivan appeals an order of the United States District Court for the

Middle District of Pennsylvania granting motions to dismiss filed by two York County

Assistant District Attorneys ("ADA") and two Penn Township police officers, and

dismissing claims brought against two state court judges.  We will affirm.

On August 27, 2004, Sullivan was stopped in his vehicle by Penn Township Police

Officer Merwede, who charged Sullivan with driving while under suspension, driving an unregistered vehicle, operating a vehicle without a valid inspection, and driving a vehicle without the required proof of financial responsibility. The next day, Sullivan was stopped by Penn Township Police Officer Behrendt and charged with the same violations. District Justice Miner found Sullivan guilty on all charges. Sullivan appealed to the Court of Common Pleas of York County, where he filed a "Sworn Motion to Dismiss on Undisputed Facts of Want of Subject Matter Jurisdiction" ("Motion to Dismiss"). Apparently, the Motion to Dismiss was based on Sullivan's belief that the "Pennsylvania legislature has no authority to . . . authorize arrest and imprisonment for violation[s] of . . . administrative law." Assistant District Attorneys Yost and Sommer were assigned to the case. Judge Linebaugh held a de novo hearing, denied Sullivan's Motion to Dismiss, and found him guilty of the traffic offenses. Sullivan unsuccessfully appealed to the Pennsylvania Superior Court.

Sullivan next filed suit in state court seeking damages from Judges Linebaugh and Miner, ADAs Yost and Sommer, and Officers Merwede and Behrendt. According to Sullivan, the defendants committed "misconduct in office and obstruction of justice" by acting without subject matter jurisdiction in the traffic offense proceedings. The Court of Common Pleas sustained the defendants' preliminary objections and dismissed the complaint. The Commonwealth Court of Pennsylvania affirmed, holding that the judges, ADAs, and police officers were protected by immunity. The Pennsylvania Supreme

2

Court denied Sullivan's petition for allowance of appeal.

In April 2008, Sullivan filed a complaint in the United States District Court for the Middle District of Pennsylvania against the same six defendants, alleging that his state "Civil Tort was dismissed . . . having never answered matter of want of Subject-matter-jurisdiction." Sullivan claimed that because that case "proceeded without jurisdiction and therefore without authority" the defendants should be "required to answer . . . for the civil tort." The ADAs and police officers filed motions to dismiss. The matter was referred to a Magistrate Judge, who concluded that Sullivan's claims were barred by the Rooker-Feldman doctrine and Heck v. Humphrey, 512 U.S. 477 (1994). The District Court adopted the Report and Recommendation, granted the motions to dismiss, and dismissed the judges from the case. Sullivan appealed.[1]

The Rooker-Feldman doctrine divests federal courts of jurisdiction "if the relief requested effectively would reverse a state court decision or void its ruling." Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006) (internal citations omitted). The doctrine occupies "narrow ground." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). It applies only where "the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's decision. See Phillips v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008); Whiteford v. Reed, 155 F.3d 671, 672 (3d Cir. 1998) ("Application of the Rooker-Feldman doctrine is a question of federal subject matter jurisdiction over which we exercise plenary review.").

state-court judgment and seeking review and rejection of that judgment." Id. at 291.

Sullivan filed a Motion to Dismiss in the traffic offense proceedings, challenging the state courts' exercise of jurisdiction. The Court of Common Pleas denied that motion, and Sullivan unsuccessfully appealed to the Superior Court. He next attempted to challenge the state court's exercise of subject matter jurisdiction by filing a civil suit in state court. That claim was rejected by the Court of Common Pleas, the Commonwealth Court, and the Pennsylvania Supreme Court. Sullivan continues to challenge the state courts' determinations concerning jurisdiction in the traffic offense proceedings. Ordering the relief he seeks, however, would require the District Court to effectively determine that the state courts' jurisdictional determinations were improper. Therefore, Sullivan's claims are barred by the Rooker-Feldman doctrine. To the extent Sullivan was not "appealing" to the District Court, but instead was attempting to relitigate issues previously determined by the Pennsylvania courts, review is barred by res judicata. See Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc., 571 F.3d 299, 310 (3d Cir. 2009) (describing conditions in Pennsylvania under which collateral estoppel will bar a subsequent claim).

For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] Sullivan's "Motion requesting that admissions and interrogatories and answers or lack thereof be allowed as evidence in brief" and his "Motion Requesting a Hearing of Oral Argument" are denied.

4